Filed 7/26/16  P. v. Martinez CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FIFTH APPELLATE DISTRICT**

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>MICHAEL JOHN MARTINEZ,<br><br>    Defendant and Appellant. | F071297<br><br>(Super. Ct. No. BF158077A)<br><br>**OPINION** |

-ooOoo-

**THE COURT**[*]

APPEAL from a judgment of the Superior Court of Kern County.  Steven M. Katz, Judge.

Rex Adam Williams, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Gomes, Acting P.J., Kane, J. and Detjen, J.

Appellant Michael John Martinez pled no contest to first degree residential burglary while another person was present (Pen. Code, §§ 459, 460, subd. (a), 667.5, subd. (c)(21))[1] and he admitted a serious felony enhancement (§ 667, subd. (a)(1)), a hate crime enhancement (§ 422.75, subd. (a)), and allegations that he had a prior conviction within the meaning of the "Three Strikes" law (§ 667, subds. (b)-(i)).  Following independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, we affirm.

### FACTUAL AND PROCEDURAL HISTORY

On October 29, 2014, Martinez went to his neighbor Sandra Johnson's apartment and knocked on her front door, but Johnson, who is African-American, did not answer. Martinez went back to his apartment but soon returned while Johnson was in an upstairs room.  Martinez yelled an obscenity and kicked in her front door.  Johnson panicked and opened a window on the second floor so she could jump out of the apartment and escape. However, she remembered her son was in the apartment and ran to his room and got him. As she ran back to the window, she saw Martinez walk through the kitchen and out the front door.  Johnson waited until Martinez walked back into his apartment before she ran out of her apartment and around the corner where she waited for police.

Johnson returned to her apartment with the police officers.  While Johnson was being interviewed, Martinez opened the door to his apartment.  Johnson identified Martinez as the person who broke into her apartment and the officers arrested him. Martinez appeared to be under the influence of alcohol and initially denied breaking into Johnson's apartment.  However, in route to the jail he began making numerous derogatory and threatening comments about African-Americans.  When asked why he broke into Johnson's apartment, Martinez stated that he would have raped Johnson and

---

[1]     All further statutory references are to the Penal Code.

done everything to her but kill her. He also stated that he picked Johnson, and not another African-American, because she lived closest to him.

On October 31, 2014, the district attorney filed a complaint charging Martinez with the charges and allegations he pled to and with felony vandalism (count 2, § 594, subd. (b)(1)), felony child endangerment (count 3, § 273a, subd. (a)), misdemeanor interference with a business (count 4, § 602.1, subd. (b)), and misdemeanor interference with a person's civil rights (count 5, § 422.6, subd. (a)).

On November 14, 2014, Martinez entered a no contest plea in the instant case, as previously noted, in exchange for the dismissal of the remaining counts and allegations and a stipulated prison term of 10 years. Martinez also admitted violating his probation in an unrelated case.

On February 25, 2015, the court sentenced Martinez, in accordance with his plea agreement, to an aggregate, stipulated term of 10 years, the mitigated term of two years on his burglary conviction, doubled to four years because of his prior strike conviction, a five-year serious felony enhancement, and a one-year hate crime enhancement.

Martinez's appellate counsel has filed a brief which summarizes the facts, with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Martinez has not responded to this court's invitation to submit additional briefing.

Following an independent review of the record we find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment is affirmed.

3.